## IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF GEORGIA

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

APR 0 7 2023

KEVIN P. WEIMER, Clerk
By: _Kimberly Hitch_ Deputy Clerk

| | | |
|---|---|---|
| BRADLEY JAMES ALBERT, an individual. | ) ) ) | CIVIL ACTION NO |
| PLAINTIFF, | ) ) | **1:23-CV-1530** |
| | ) | **DEMAND FOR JURY TRIAL** |
| v. | ) ) | |
| DISCOVER BANK | ) ) | |
| DEFENDANT. | ) ) ) | |

---

## I.  INITIAL COMPLAINT

Plaintiff Bradley James Albert, *non-attorney,* files this Complaint against Defendant

Discover Bank and alleges as follows:

## II.    PARTIES

1. Plaintiff Bradley James Albert, an individual, is a resident of the State of Georgia.

2. Upon information and belief, Discover Bank is a financial institution

   conducting business within the State of Georgia.

1

### III.   <u>JURISDICTION AND VENUE</u>

3. Plaintiff at all time relevant hereto resides in Gordon County, State of Georgia.

4. This action arises under the laws and Constitution of the United States.

5. This Court has personal jurisdiction over Defendant because Defendant has transacted business in this District, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 18 U.S.C. § 1001[1].

5. This Court has personal jurisdiction over Defendant pursuant to 18 U.S.C. § 1965. And the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant's maintains principal places of business in Georgia.

7. The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367 as it pertains to Plaintiff's state claims.

8. Moreover, Defendant is considered to reside in this District because their contacts with it are sufficient to subject them to personal jurisdiction herein. Furthermore, the acts giving rise to Plaintiff's claims occurred, among other places, in this District.

### IV.   <u>FACTS COMMON TO ALL COUNTS</u>

9. At all times material hereto, Plaintiff has been a victim of identity theft and had fake credit cards taken out in Plaintiff's name.

10. Defendant knew both credit card debts were not Plaintiff's.

11. Since February 2022 Plaintiff has been working as customer service representative with an investment company.

12. Plaintiff works in the investment industry which is regulated at the Federal and State levels.  Plaintiff is a FINRA Registered Representative and has acquired security licensures Series 7 and Series 63 and licensed to work in the investment industry in all 50 states and Puerto Rico.

13. Federal and State investment security rules require Register Representatives, like Plaintiff, to have good credit to work in the investment industry.

14. Registered Representatives like Plaintiff, *as long as they work in the investment industry*, must self-report to every potential employer or current employer any financial judgements against them for hiring/firing determinations by the employer.

15. Registered Representative's financial Judgments must be reported to the Federal and State Security Regulators. The Federal and State Security Regulators will *individually* determine if the Registered Representative will be

permitted to continue to work in the investment industry or must be terminated from employment (emphasis added).

16. "On Plaintiff's recorded Line Defendant told Plaintiff mail all legal documents to Discover Bank, P.O. Box 30416 Salt Lake City, UT 84130" (Case 1:20-cv-05146-MLB, Doc 6, Affidavit, Page 17 of 19, Number 4, Exhibit H).

17. Following Defendant's instructions to Plaintiff "On December 10, 2010, Defendant and Court were legally serviced through USPS tracked mail a copy of Plaintiffs Complaint and Certificate of Service (1:20-cv-05146-MLB Doc 1) (1:20-cv-05146-MLB, …..Exhibit G)" (Case 1:20-cv-05146-MLB, Doc 6 Page 17 of 19, Number 3, Exhibit H).

18. In case 1:20-cv-05146-MLB Defendant chose to lie to the Federal Court about the Defendant not providing Plaintiff the "Discover Bank, P.O. Box 30416 Salt Lake City, UT 84130" mailing address instead Defendant proclaimed plaintiff did not properly serve Defendant at Defendant's legal address but DEFENDANT DID NOT PROVIDE any *alternate legal address* to "Discover Bank, P.O. Box 30416 Salt Lake City, UT 84130" (Case 1:20-cv-05146-MLB, Doc 7, Doc 16) (Case 1:20-cv-05146-MLB, Doc 6, Affidavit, Page 17 of 19, Number 4, Exhibit H) (Emphasis added).

19. Defendant chose not to mail or email its Doc 7 Motion to Dismiss to Plaintiff in order to receive another default Order 9 (1:20-cv-05146-MLB, Doc 7) (1:20-cv-05146-MLB, Doc 11 Exhibit J, Page 15-16 of 17, Numbers 4-19).

20. "On February 4, 2021, Plaintiff filed a Motion for Clerk's Entry of Default. (Dkt. 6.) The Court denies that motion. On March 8, 2021, Defendant moved to dismiss for insufficient service. (Dkt. 7.) Plaintiff did not respond. The Court grants Defendant's motion" (Case 1:20-cv-05146-MLB, Order Doc 9, Page 1 of 9). The Court **DISMISSES** Plaintiff's complaint and **DIRECTS** the Clerk to close this case…[3] The Court recognizes that Rule 4(m) provides for extensions of time to perfect service if "the plaintiff shows good cause for the failure" to timelyserve the defendant. Fed. R. Civ. P. 4(m). Plaintiff has not responded— let alone shown good cause." (Case 1:20-cv-05146-MLB, Order Doc 9, Page 9 of 9) (Emphasis added).

21. Plaintiff explained to District and Appellate Courts Plaintiff was not electronically nor via mail notified of Defendants Motion to Dismiss so Plaintiff did not know Defendant responded to Plaintiff's complaint (1:20-cv-05146-MLB, Doc 7) (1:20-cv-05146-MLB, Doc 11 Exhibit J, Page 15-16 of 17, Numbers 4-19) (Emphasis added).

22. Defendant continually did not mail or email filed documents to the Plaintiff in
·1:20-cv-05146-MLB, Doc 18, Exhibit K, Plaintiff Affidavit, Page 2 of 3 of 13,
Numbers 4-7) (1:20-cv-05146-MLB, Doc 18, Page 9 and 10 of 13, Exhibit E).

23. As current Federal Court Procedure dictate, *Federal District Court in 1:20-cv-
05146-MLB never sent Plaintiff* any summons to send to Defendants, nor had
the same Eleventh District Court required a summons served in other cases
Plaintiff had previously worked on.

24. On Appeal, the ***Appellate Court declared for Public consumption*** "Albert
argues that Discover Bank waived service of process but we disagree." "Albert
never sent the bank a notice and request for a waiver of service…, nor did the
bank agree to wave the formal service" (Emphasis added). "We review findings
of fact for error and the application of law to thos facts" (Appeal Order No. 21-
12011 published on 04/21/2022).

25. Though the Case was closed by the District Court in Document 9 prior to
Plaintiff knowing the Defendant filed any Notice of Appearance of filed
Document 7 and without an affidavit as required by 11ᵗʰ District's Local
Federal Rules of Civil Procedures stated Defendants were not served
correctly Appellate Court justices *publicly proclaimed* "Albert never
attempted to perfect service of process".

26. After the Appellate Court's unjust derogatory Order, the Defendant *located*, then *contacted Plaintiff's current employer* to further interfere with Plaintiff employer to, *against FINRA rules*, meaninglessly remove the fake debit from the FINRA's Brokercheck of Plaintiff (Appellate Court Order 21-12011) (EMPHASIS ADDED).

27. Defendant's aggreges incompetence in contacting Plaintiff's current employer, because the Federal District and Appellate Court refused to remove fake debts which Defendant bestowed to Plaintiff. No matter what Defendant did with Plaintiff's current employer, Registered Representatives like Plaintiff will continue to be required *to self-report to every potential employer or current employer any financial judgements against them for hiring/firing determinations by the employer* and to report Federal and State Security Regulators for individual determinations (Emphasis added).

28. As of 03/25/2023, Microsoft EDGE Searching Plaintiff's name any employer, co-worker, potential employer, friend, girlfriend, can see the 11th Circuit Justices' unjust derogatory Order (Appellate Court Order 21-12011). The Public consumption of the unjust derogatory Order was caused solely by the Defendant's lie that they never provided Plaintiff the mailing address for 1:20-cv-05146-MLB Initial Filing Document 1 thus causing new additional public Fraud, harassment, intimidation, public embarrassment because now

7

for being a victim of Discovers knowing fraudulent credit card judgements (Exhibit 1, Affidavit 2023).

**Defendant has been Intentionally *Drafting* Fake Debt to Unknowing Customers into a Contractual Relationships for an Economic Tax Benefits for Defendant**

29. Discover would have received an IRS tax write off for losses stemming from a Discover credit card holders' defaulting on holders credit card payments. Defendant knew the fake credit card debt was not Plaintiffs and would have written off any such loss to the IRS *before Defendant* filed the case in Gwinnett County so they had no additional fake claim to further action against Plaintiff (1:20-cv-05146-MLB Document 1-2, Page 1-4 Exhibit C). Defendant had on April 14, 2014 instituted a Civil Claim (Case Number 14M11990) before the Magistrate Court of Gwinnett County, Georgia ("Defendant's Complaint"). Annexed hereto as Exhibit 1 is a true and correct copy of Defendant's Statement of Claim and Complaint dated April 14, 2014. (1:20-cv-05146-MLB Document 1-2, Page 1-4 Exhibit C) is a true and correct copy of the Defendant's filing with Gwinnett County Court.

30. *Part of Plaintiff's investigation Plaintiff ran an Experian Credit report and found in addition to several fake names under Plaintiff's social security number a **NEW discovered in 2020 Discover Credit Card issued by Defendant***

*__account 6011XXXXXXXX__ that had a balance of $1787.00 which was last paid on 1/15/2019.  Plaintiff had NO such Discover Credit Card is a true and correct copy of Experian Credit Report* (1:20-cv-05146-MLB Document 1, Page 35-38, Exhibit B) (1:20-cv-05146-MLB Document 1-3, Affidavit, Number 1, 13*)* (Emphasis added).

31. Again, Defendant knew this 2nd fake credit card debt was not Plaintiffs and Defendant would have to have been the fraudster to the Federal Government if Discover took a tax write off with the IRS of the 2nd fake credit card debt Discover assigned to Plaintiff. To this date the defendant has not ever provided any purchases on this 2019 fake debt to Plaintiff.

32. Plaintiff therefore believes that the impugned Credit Cards were fraudulently registered and maintained by Defendant for the Defendant's tax write off benefit.

## VI. CAUSES OF ACTION

### Count 1

### Fraud § 51-6-2

Plaintiff repeats and re-alleges the allegations set forth in Paragraphs above and incorporates same herein by reference. "The tort of fraud [including fraudulent inducement] has five elements: a false representation by a defendant, scienter, intention to induce the plaintiff to act or refrain from acting, justifiable

9

reliance by plaintiff, and damage to plaintiff." (Citation and punctuation omitted.) Sims v. Bayside Capital, Inc., 327 Ga.App. 47, 51(2), 755 S.E.2d 520 (2014)

A. "a false representation by a defendant" Defendant, having been told on Defendant's and Plaintiff's recorded line that Plaintiff was trying to serve a lawsuit against Defendant, Defendant gave Plaintiff the incorrect P.O. Box mailing address to mail Plaintiff's Initial Complaint Document 1 (Case 1:20-cv-05146-MLB, Doc 6, Affidavit, Page 17 of 19, Number 4, Exhibit H)

Thus Defendant waved service and Plaintiff's Initial Complaint Document 1 (1:20-cv-05146-MLB) was served properly in 1:20-cv-05146-MLB as Defendant requested.

Later, Defendant in Doc 7 stated Plaintiff had not served as *Defendant instructed* for Plaintiff's Initial Complaint Document 1 (1:20-cv-05146-MLB) thus claiming Plaintiff did not sever Defendant.

B. "scienter" Defendant intentionally gives out through its call centers incorrect mailing address to anyone calling for the legal address to serve Defendant so the Defendant can use the similar defense as 1:20-cv-05146-

MLB Doc 7 to receive an unjust win in Court (1:20-cv-05146-MLB Doc 9)

(Appellate Court Order 21-12011) (Case 1:20-cv-05146-MLB, Doc 6,

Affidavit, Page 17 of 19, Number 4, Exhibit H).

C. "intention to induce the plaintiff to act or refrain from acting"

Defendant on Defendant's recorded phone line gave Plaintiff the

intentionally incorrect P.O. Box mailing address to mail Plaintiff's Initial

Complaint Document 1 (1:20-cv-05146-MLB) thus causing an incorrect

service for Plaintiff's Initial Complaint Document 1 (1:20-cv-05146-MLB).

Defendant in 1:20-cv-05146-MLB never disclosed to Plaintiff or the Court

Defendant's correct legal mailing address on Doc 7 to receive an unjust win

in Court (1:20-cv-05146-MLB Doc 9) (Appellate Court Order 21-12011)

(Case 1:20-cv-05146-MLB, Doc 6, Affidavit, Page 17 of 19, Number 4,

Exhibit H).

D. "justifiable reliance by plaintiff" Defendant in Doc 7 would *NOT* even

tell the Court what the correct legal mailing address for Defendant is.

Plaintiff received the P.O. Box mailing address on Defendant's recorded

phone line thus no reasonably minded individual would believe Defendant,

as a Corporation, would have a procedure to intentionally lie to callers who

are asking for the mailing address for serving just lawsuits against Defendant

(1:20-cv-05146-MLB) (Case 1:20-cv-05146-MLB, Doc 6, Affidavit, Page 17 of 19, Number 4, Exhibit H).

E. "and damage to plaintiff" Plaintiff's case was dismissed due to lack of service (1:20-cv-05146-MLB) for using Defendant's mailing address as Defendant instructed, the justices agreeing that the address Plaintiff was given by Defendant was not sufficient service (1:20-cv-05146-MLB Doc 9) (Appellate Court Order 21-12011) (Case 1:20-cv-05146-MLB, Doc 6, Affidavit, Page 17 of 19, Number 4, Exhibit H). Plaintiff received an unjust public humiliation and a threat to Plaintiff's current and future job(s) with the derogatory Appellate Court Order 21-12011 proclaiming Plaintiff a liar (Exhibit 1, Affidavit 2023) (EMPHASIS ADDED). Plaintiff suffered financial losses as he paid the amount of $8,362.87 to Defendant and the Federal Court threw out Plaintiff's just case after additional Court, time, and legal expenses of over $75,000. 1:20-cv-05146-MLB was dismissed due solely to Plaintiff following Defendants instructions for service of Plaintiff's Initial Complaint Document 1 (Case 1:20-cv-05146-MLB, Doc 6, Affidavit, Page 17 of 19, Number 4, Exhibit H) (Exhibit 1, Affidavit 2023). Due to Defendant, Plaintiff ***TO THIS DAY and into the FUTURE*** Plaintiff will be forced to disclose the Defendant's fake credit card judgement to FINRA, all 50 states, and Puerto Rico's investment regulators,

12

and prospective employers (Exhibit 1, Affidavit 2023) (Emphasis added)
Defendant then contacting Plaintiff's new employer regarding a FINRA
adjustment thus alerting the new employer of 1:20-cv-05146-MLB Doc 9
and Appellate Court Order 21-12011.


## Count 2

### § 9-3-96 - Tolling of limitations for fraud of defendant

Plaintiff's just case against Defendant was dismissed due to Defendant
crying lack of service (1:20-cv-05146-MLB) only because Plaintiff used
Defendant's incorrect mailing address which Defendant intentionally instructed
Plaintiff to use (1:20-cv-05146-MLB Doc 9) (Appellate Court Order 21-12011)
(Case 1:20-cv-05146-MLB, Doc 6, Affidavit, Page 17 of 19, Number 4,
Exhibit H).

Thus, all Claims in 1:20-cv-05146-MLB can be brought forward in this new
case Document 1:

1. Fraud
2. Breach of Fiduciary Duty
3. Negligence
4. Breach of Contract and Covenant of Good Faith and Fair Dealing
5. Breach of Confidentiality

13

6. Claim for Indemnification

7. Tortuous Interference with Business Expectancy

8. Punitive Damages

**Count 3**
**2022 Tortuous Interference with Business Expectancy**

33. Plaintiff repeats and re-alleges the allegations set forth in Paragraphs above and

incorporates same herein by reference.

34. Elements to Tortuous Interference.

    a. A person or business not a party to the contract interfered with that contract by wrongful or unlawful conduct;
    b. The defendant acted willfully or knowingly;
    c. The defendant's intention was to interfere with the contract; and
    d. The plaintiff suffered financial losses because of the defendant's conduct.

A. "A person or business not a party to the contract interfered with that contract

by wrongful or unlawful conduct" Defendant, again, contacted an employer

of Plaintiff's. Plaintiff's new employer after 1:20-cv-05146-MLB Doc 9 and

Appellate Court Order 21-12011 was located then contacted by Defendant to

meaninglessly remove the fake credit card debt from Plaintiff's FINRA *public*

sight on *BROKERCHECK*, thus Defendants ***continued to interfere*** with

Plaintiff's employers and FINRA bringing attention to unjust derogatory

Orders 1:20-cv-05146-MLB Doc 9 and Appellate Court Order 21-12011:

14

1. Potentially jeopardized Plaintiff's short and long term employment status with current employer (Exhibit 1, Affidavit 2023) (Emphasis added).

2. Defendant's interference with Plaintiff's current employer did nothing positive for Plaintiff. Plaintiff is *still* forced to disclose the fake credit card debt to potential or future employers, then Plaintiff would still be required to again submit the same fake credit card debt in *new disclosures* to FINRA and each State Securities Regulators for independent approval (Exhibit 1, Affidavit 2023) (Emphasis added).

3. Plaintiff's new employer took over 3 months to get each States' approval for Plaintiff to have the active Register Representatives licensures delayed only due to Defendant's fake credit card debt and judgement. Plaintiff's current employer had enough work where Plaintiff did not have to do the job Plaintiff was hired to do, however, in the future it is unfair to force Plaintiff to hope a future employer would pay Plaintiff for three months not being able to do his job until all the States and FINRA have accepted the Register Representatives' fake debt history caused by Defendant (Exhibit 1, Affidavit 2023).

B. "The defendant acted willfully or knowingly" Defendant wrongfully won its unjust derogatory District and Appellate Orders 1:20-cv-05146-MLB Doc 9

15

and Appellate Court Order 21-12011, however, neither Orders said Defendant was to contact Plaintiff's current employer. Defendant had *no legitimate business reason to **locate Plaintiff's new employer nor contact FINRA**.*

C. "The defendant's intention was to interfere with the contract"

1. Defendant knew from 1:20-cv-05146-MLB Doc 1 that Plaintiff as a licensed securities broker was required to report Defendant's fake fraud while still in working in the securities industry. Defendant contacting Plaintiff's current employer only presenting a "red employment flag" with the unjust derogatory Orders against Plaintiff by the District and Appellate Court's Orders (1:20-cv-05146-MLB Doc 9) (Appellate Court Order 21-12011) to Plaintiff's employer and *did not resolve Plaintiff's future reporting requirements.*

2. Microsoft EDGE search under my names as of 03/25/2023 provides as the first link the 11th Circuit's unjust derogatory Order 21-12011, where the Appellate Court stated Plaintiff/Appellant lied, based solely off Defendant's lies are at the top of the Microsoft EDGE search under my names as of 03/25/2023. This is searchable by my current employer, prospective employers, family, friends and the general public (Exhibit 1, Affidavit 2023) (Emphasis added).

16

D. "The plaintiff suffered financial losses because of the defendant's conduct"

Because of FINRA and the States delay in approving Plaintiff's Registered Representative status, Plaintiff was not able to start Plaintiff's job specific training on time. This costly delay has stunned Plaintiff in being able to be in his routine pay increases or position longevity and experience so Plaintiff could apply of other positions.

1. At this time, we don't know as of this time if Plaintiff's current firm is not going to take negative action yet on Plaintiff due to the unjust derogatory Orders against Plaintiff being brought to the employer's attention.

**Breach of Fiduciary Duty**

Plaintiff repeats and re-alleges the allegations set forth in Paragraphs above and incorporates same herein by reference.

Elements for Breach of Duty: (1) a fiduciary relationship is established; (3) a **breach** of that **duty** is shown; and (3) that **breach** of **duty** is the proximate cause of the plaintiff's damage/harm.

1. At all times material hereto, Defendant stated it had a Bank/Client contractual relationship with Plaintiff and therefore owed Plaintiff fiduciary duties of care loyalty, candor and independence. Fiduciary

relationships such as the one between Plaintiff and Defendant are founded on trust or confidence reposed by one individual in the integrity and fidelity of another.

2. Defendant breached that Fiduciary duty when it In case 1:20-cv-05146-MLB Defendant chose to lied to Plaintiff instructing Plaintiff to mail Initial Complaint Doc 1 of 1:20-cv-05146-MLB to "Discover Bank, P.O. Box 30416 Salt Lake City, UT 84130". Later the Defendant lied to the Court by proclaiming Plaintiff did not properly serve Defendant at Defendant's legal address but DEFENDANT DID NOT PROVIDE any *alternate legal address* to "Discover Bank, P.O. Box 30416 Salt Lake City, UT 84130" (Case 1:20-cv-05146-MLB, Doc 1, Doc 7, Doc 16) (Case 1:20-cv-05146-MLB, Doc 6, Affidavit, Page 17 of 19, Number 4, Exhibit H) (Emphasis added).

3. Due to Defendant's Breach of Duty Plaintiff just case was denied causing over $75,000 in lost Court billable time, and legal expenses in addition losing the resolution to claims in 1:20-cv-05146-MLB.

## Count
## Breach of Fiduciary Duty

Elements for Breach of Duty: (1) a fiduciary relationship is established; (3) a **breach** of that **duty** is shown; and (3) that **breach** of **duty** is the proximate cause of the plaintiff's damage/harm.

1. At all times material hereto, Defendant stated it had a Bank/Client contractual relationship with Plaintiff and therefore owed Plaintiff fiduciary duties of care loyalty, candor and independence. Fiduciary relationships such as the one between Plaintiff and Defendant are founded on trust or confidence reposed by one individual in the integrity and fidelity of another.

2. Continuing to Act in blatant disregard and breach of its fiduciary obligations to Plaintiff, the _newly discovered in 2020 a Discover Card referenced in the 2019 Experian credit report Exhibit B_ of the impugned Credit Card without proper authorization by Plaintiff (1:20-cv-05146-MLB Document 1, Page 35-38, Exhibit B) (1:20-cv-05146-MLB Document 1-3, Affidavit, Page 3-6, Number 13) **so Defendant could wrongfully profit from bestowing fake credit card debt on Plaintiff thus Defendant gains a tax write off for unpaid debt**.

3. As a direct result of Defendant's said breach of fiduciary obligations, Plaintiff suffered financial losses with lower credit scores causing higher car insurance

payments, inability to establish new credit cards or car loans, Plaintiff incurred

a loss due to Court, billable time, and legal expenses of over $75,000.


## Count 3
### Negligence

**Negligence** involves: first, the existence of a duty; second, the omission to exercise

ordinary and reasonable **care** in connection therewith; and, third, injury resulting in

consequence thereof. Patillo v. Thompson, 106 Ga. App. 808, 128 S.E.2d 656

(1962).

Plaintiff repeats and re-alleges the allegations set forth in Paragraphs above

and incorporates same herein by reference.

As a Bank, Defendant stated it had a Bank/Client contractual relationship with

Plaintiff thus owed Plaintiff a duty of care as Plaintiff was at all times material hereto

a customer of Defendant.

Defendant breached its duty of care towards Plaintiff by registering a fake

Credit Card without Plaintiff's authorization. The newly discovered in 2020

Discover Card referenced in the 2019 Experian credit report Exhibit B would mean

any or all of the following and the mere fact that Plaintiff was not aware of the

existence of the impugned Credit Card used in case 14M11990 and:

a) that Defendant either leaked Plaintiff's personal information to third parties who were then able to procure a fake credit card impersonating Plaintiff; or

b) that Defendant's Agents utilized Plaintiff's personal information to procure a fake credit card in the name of Plaintiff in order to receive tax write offs for Defendant; or

c) Defendant did not take proper care or have proper measures in place to protect Plaintiff from unauthorized registration of Credit or other cards by fraudsters.

Defendant's conduct fell below the reasonable standard of care expected of a Bank such as Defendant.

By reason of the foregoing breach of fiduciary duties, Plaintiff sustained financial and other injury aforesaid.

Defendant could wrongfully profited from bestowing fake credit card debt on Plaintiff thus Defendant gains a tax write off for unpaid debt.

It is because of Defendant's negligent actions/omissions that Plaintiff incurred financial loss of over $75,000 and lowered credit rating causing higher car insurance.

## Count 4

### Breach of Contract and Covenant of Good Faith and Fair Dealing

Plaintiff repeats and re-alleges the allegations set forth in Paragraphs above and incorporates same herein by reference.

At all material times, Defendant stated it had a Bank/Client contractual relationship with Plaintiff, under which Defendant was duty bound to act in good faith and deal fairly with Plaintiff. Uniform Commercial Code Section 1-304 provides for good faith and imposes doctrine of good faith in every contract.

Defendant breached that duty when it In case 1:20-cv-05146-MLB (Doc 7) Defendant chose to lie to the Federal Court about the Defendant not providing Plaintiff the "Discover Bank, P.O. Box 30416 Salt Lake City, UT 84130" mailing address instead Defendant proclaimed plaintiff did not properly serve Defendant at Defendant's legal address but DEFENDANT DID NOT PROVIDE any *alternate legal address* to "Discover Bank, P.O. Box 30416 Salt Lake City, UT 84130" (Case 1:20-cv-05146-MLB, Doc 7, Doc 16) (Case 1:20-cv-05146-MLB, Doc 6, Affidavit, Page 17 of 19, Number 4, Exhibit H) (Emphasis added).

As a result of Defendant's said breach of contractual obligations/covenants, Plaintiff suffered loss, prompting the instant Complaint. Plaintiff avers that Defendant has been unjustly enriched at the expense of Plaintiff as it successfully claimed from Plaintiff the amount of $8,362.87, suffered over $2000.00 unjust loss in Court and legal fees and $75,000 in billable hours on case 1:20-cv-05146-MLB and Appellate Court No 21-12011. In order for Plaintiff to keep his employment, Plaintiff painfully settled this amount despite the fact that Plaintiff did not ow the

amount at all. As such, Defendant has profited from its negligence and illegalities at the expense of Plaintiff, an innocent customer.

Defendant bestowing fake credit card debt on Plaintiff continues to this day and forward to be the actual and proximate cause of harm to Plaintiff and *the garnishment Order continues to this day* affect Plaintiff having to continually report the fake debt to FINRA and the 50 states Securities Regulators and Puerto Rico.

### Count 5
### Breach of confidentiality

Plaintiff repeats and re-alleges the allegations set forth in Paragraphs above and incorporates same herein by reference.

Prior, Defendant *also*, breached that duty when it repeatedly failed to protect Plaintiff from fraudulent, unavoidable claims arising out of fake credit card that was registered under Defendant's watch used in case 14M11990 and the newly discovered in 2020 Discover Card referenced in the 2019 Experian credit report Exhibit B (1:20-cv-05146-MLB Document 1,  Page 35-38, Exhibit B) (1:20-cv-05146-MLB Document 1-3, Affidavit, Page 3-6, Number 13). Defendant further breached this duty when it failed to investigate the impugned credit card and instead resorted to suing Plaintiff, obtaining Court orders without informing Plaintiff and ultimately obtaining garnishee orders (1:20-cv-05146-MLB Document 1-3, Affidavit, Number 6). Even after Plaintiff asserted the debt was not Plaintiff's the Defendant refused to investigate the legitimate assertion. Plaintiff asserts that

Defendant's conduct was malicious and aimed at depriving Plaintiff his hard-earned income and to embarrass him.

Defendant wrongfully profited from bestowing fake credit card debt on Plaintiff thus *Defendant gains a tax write off for unpaid fake debt*.

The registration fake credit was presumably carried out under Plaintiff's personal details including, without limitation, Plaintiff's date of birth, social security numbers, phone numbers, addresses, bank account details, credit card numbers and fax numbers, among others. These details were, at all times material hereto, in the possession of Defendant.

That the impugned Credit Card could be registered without Plaintiff's knowledge only means that Defendant failed to protect Plaintiff's confidential information thereby exposing Plaintiff to loss.

### Count 7
### Claim for Indemnification

35. Plaintiff repeats and re-alleges the allegations set forth in Paragraphs above and incorporates same herein by reference.

36. Plaintiff suffered loss as a result of Defendant's wrongful actions and/or omissions. Accordingly, indemnity as Plaintiff was not at fault and should not have been liable to pay the amount of $8,362.87 to Defendant.

37. Plaintiff suffered over $2000.00 in Court and legal fees and $75,000 in billable hours on case 1:20-cv-05146-MLB.

38. Plaintiff claims for indemnification of the amount incurred wrongly.

### Count 8

*Humiliation From Unjustifiable Derogatory Order 21-12011*

Plaintiff repeats and re-alleges the allegations set forth in Paragraphs above and incorporates same herein by reference.

Microsoft EDGE search under my names as of 03/25/2023 give the link to 11th Circuit's unjust derogatory Order 21-12011, where the derogatory Appellate Court stated Plaintiff/Appellant lied, based solely off of Defendant's lies are at the top of the Microsoft EDGE search under my name as of 03/25/2023. This is unfairly searchable by my current employer, prospective employers, family, friends and the general public (Emphasis added) (Exhibit 1, Affidavit 2023).

On Appeal, the derogatory *Appellate Court declared for Public consumption* "Albert argues that Discover Bank waived service of process but we disagree." "Albert never sent the bank a notice and request for a waiver of service…, nor did the bank agree to wave the formal service" (Emphasis added). "We review findings of fact for error and the application of law to thos facts" (Appellate Court Order 21-12011) (EMPHASIS ADDED).

Plaintiff's *current employer* and *FINRA* have been contacted due to case 1:20-cv-05146-MLB to meaninglessly remove the fake credit card debt only from Plaintiff's FINRA public BROKERCHECK, thus Defendants *continued to interfere* with Plaintiff's employers and FINRA:

a. Potentially jeopardized Plaintiff's short and long term employment status due to employer's knowledge of District and Appellate Court unjust derogatory Orders (1:20-cv-05146-MLB Doc 9) (Appellate Court Order 21-12011) (Exhibit 1, Affidavit 2023).

b. Plaintiff is *still* forced to disclose the fake credit card debt to potential or future employers, then *new disclosures* to FINRA and State Securities Regulators (Exhibit 1, Affidavit 2023).

c. Like with the State of Illinois, each state can take several months to permit Register Representatives to have an active licensure, meaning Plaintiff would need to be wishful that a new employer would agree to pay the Plaintiff for not being able to do his/her job for approximately three months until all the States and FINRA have accepted the Register Representatives' debt history.

## Count 9
## Punitive Damages

39. Plaintiff repeats and re-alleges the allegations set forth in Paragraphs above and incorporates same herein by reference.

40. Defendant's continued to this day, impugned conduct was willful, wanton, oppressive, and demonstrated that entire want of care which raises the presumption of a conscious indifference to consequences. For this reason, Plaintiff avers that Defendant is liable to Plaintiff for punitive damages to punish, penalize, and deter Defendant from similar conduct in the future.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for the following relief:

a. That Plaintiff be granted judgment against Defendant on Count I-VI above for special damages in the amount of $8,362.87 paid to Defendant;

b. Evacuate all current damage future damage the Defendants fake debt claims made to Plaintiff's former employer, current employer, FINRA and each State Insurance Commissioner in the Union and Puerto Rico damages in terms of the amount that shall be decided at trial.

c. That Plaintiff be awarded tort damages, breach of contract damages, punitive damages and exemplary damages in terms of the amount that shall be decided at trial;

d. Ordering Defendants to pay non-pecuniary damages resulting from the unlawful employment practices that caused emotional pain, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

e. Seal of 1:20-cv-05146-MLB and at cost of Defendants removal of all reference from internet of 1:20-cv-05146-MLB and its appellate order 21-12011.

f. Defendant remove all online references to 1:20-cv-05146-MLB and Appellate orders to 21-12011.

g. Refer this case to IRS for tax fraud from Defendant creating fake debt claims, from creating new contractual relationships with unknowing customers, for the purposes of creating fake tax write offs for Defendant.

h. Interest and costs; and

i. Legal fees, Plaintiff's time, and Court costs;

j. That Plaintiff be granted a trial by jury;

k. Any other relief that this Court deems necessary and proper.

## V. **JURY TRIAL DEMAND**

1. Plaintiff demands a jury trial on all claims and issues so triable.

Respectfully submitted, this 31 day of March, 2023.

Bradley J. Albert

316 E. Line St.

Calhoun, GA 30701

762-204-8588

albert.bradley@att.net

Plaintiff

# Exhibit

# 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

APR 0 7 2023

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk
Kimberly Hatcher

BRADLEY JAMES ALBERT,                      )
                                           )
        Plaintiff,                         )
v.                                         )
                                           )   Case No.
DISCOVER BANK,                             )
                                           )
        Defendant.                         )
                                           )
                                           )

## AFFIDAVIT OF BRADLEY JAMES ALBERT

I, Bradley James Albert, declare under penalty of perjury, pursuant to 28
U.S.C.§ 1746, that the following is true and correct:

1.

My name is Bradley James Albert. I am over 18 years old and I am
competent to give this Affidavit. The statements herein are based on personal
knowledge and/or are true and correct statements to the best of my knowledge and
belief.

2.

I am Plaintiff in this case. I am familiar with the facts, circumstances and
proceedings herein, and I respectfully submit this Affidavit in support of Plaintiff's
Claim.

1

3.

Exhibits and Affidavits filed in Plaintiff's 1:20-cv-05146-MLB case are true and correct copies of emails that I was a party to with the Defendant's law firm, my partial credit report, and court documents from the Gwinnett County Courthouse where Defendant staged a credit card debt case without my knowledge so the *Defendant would receive a default judgement on a credit card debt that was never my debt* (Emphasis added).

4.

Due only to Defendant's fake credit card debt, took over 3 months in 2022 to get my security licenses approved by FINRA and all states.

5.

While waiting for my security licensures to be approved due to the Defendant's fake credit card debt, I was unable to continue in training until I was approved by all 50 states and Puerto Rico. My new employer fortunately had enough work outside of my role to keep me employed.

6.

I will still have to report Defendant's fake credit card debt and explain the fake credit card's judgement to any future prospective employer.

7.

I missed a pay raise due to time missed due to waiting for the security state

security regulators to approve my licensures.

8.

I have video from a securities lawyer confirming judgement, even after 10 years, will be viewable by all employers or perspective employers thus can be used in hiring and employment status determinations.

9.

There is no reason for Defendant to keep contacting my current employer regarding me. I reported the incorrectly removal of the fake debt to FINRA and a deposition from FINRA will get the information needed at this time.

10.

Microsoft Edge search under my Bradley James Albert as of 03/25/2023 provides as the first link the 11th Circuit's unjust Order 21-12011. My estranged mother found the 11th Circuit's unjust Order 21-12011 and could not wait to ask me about it.

11.

My expenses for the 1:20-cv-05146-MLB are estimated above $75,000.

12.

Judicial Orders from 1:20-cv-05146-MLB Doc 9 and Appellate Court Order 21-12011 are a threat to current and future jobs.

Dated: March 31, 2023

Bradley James Albert
316 E. Line St.
Calhoun, GA 30701
762-204-8588
albert.bradley@att.net
Plaintiff

Notary   3/31/23

TINA CHITWOOD
NOTARY
EXPIRES
GEORGIA
06/21/24
PUBLIC
GORDON COUNTY