# IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF GEORGIA

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAY 26 2023

KEVIN P. WEIMER, Clerk
BY: _____ Deputy Clerk

BRADLEY JAMES ALBERT, an )
individual. )
)
PLAINTIFF, )          Case No. 1:23-cv-1530-MLB
)
v. )
)
DISCOVER BANK )
)
DEFENDANT. )
)

_____

—

*Amended*

## I. <u>INITIAL COMPLAINT</u>

Plaintiff Bradley James Albert, *non-attorney,* files this Complaint against Defendant Discover Bank and alleges as follows:

## II.   <u>INTRODUCTION</u>

This is an action for damages brought by a *drafted* into two credit card debts individual/consumer (Plaintiff) by Defendants' thus Defendant created violations of the Fair Debt Collection Practices Act 15 USC §1692 (FDCPA) and other claims

1

related to:

1.      Unlawful assessing of fake credit card debt to Plaintiff so Defendant could seek default judgments knowing Plaintiff was never served by Defendant.

2.      Extorting Plaintiff by notifying Plaintiff's employer of the fake credit card debt's default judgment to force Plaintiff to pay Defendant's fake credit card debt remain employed.

3.      Defendant intentionally giving Plaintiff an incorrect mailing address to serve Defendant in Case 1:20-cv-05146-MLB.

### III.   JURISDICTION AND VENUE

1. This action arises under the laws and Constitution of the United States.

2. This Court has personal jurisdiction over this action, and the parties herein, arises under 28 U.S.C. §§ 1331 and 1337 because the rights and obligations of the parties in this action arise out of 15 USC §1692 (FDCPA) the debt not being Plaintiff's is evidence of abusive, deceptive, and unfair debt collection practices.

3. Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in that Defendant Discover Bank conducts business in the Northern District of Georgia and where the events giving rise to the claim occurred.

4. This Court has general jurisdiction over Defendant pursuant to 20 U.S.C § 1332(a) due to diverse citizenship. Defendant is corporation and a citizen of the State of Delaware where Plaintiff is a citizen of the State of Georgia. And the

2

amount in controversy, exclusive of interests and costs, exceeds the sum or value of $75,000.

5.  The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367 as it pertains to Plaintiff's state claims.

## IV.   **PARTIES**

1.  Plaintiff, Bradley James Albert, is a natural person and is a resident in Gordon County, citizen in the State of Georgia and of the United States.

2.  Defendant Discover Bank, a Delaware corporation, and a citizen of the State of Delaware, is the issuer of the Discover Credit Cards, a corporation chartered under the laws of the state of Delaware and has its principal plate business office at 502 E. Market St., Greenwood, DE 09950.

3.  The State of Delaware requires that a "corporation shall have and maintain in this State a registered agent in each case, having a business office which generally is open during normal business hours to accept service of process and otherwise perform the functions of a registered agent." Defendant Discover Bank does not have a registered agent in the state nor is it authorized to conduct business in the state. Therefore, Discover Bank may be served process at its registered agent, THE CORPORATION TRUST COMPANY, address CORPORATION TRUST CENTER 1209 ORANGE ST, WILMINGTON, Delaware 19801.

4.  At all relevant times, Defendant acted through its duly authorized agents, employees, officers, member, directors and representatives.

5.  Defendant Discover operates as a subsidiary of Discover Financial Services

3

with a stock ticker symbol (DFS).

## V. **FACTS COMMON TO ALL COUNTS**

1.     At all times material hereto, Plaintiff has been a victim of identity theft and had fake credit cards taken out in Plaintiff's name.

2.     Defendant knew both credit card debts listed in this Complaint were not Plaintiff's.

3.   Since February 2022 Plaintiff has been working as a customer service representative with Fidelity Investments.

4.   Prior to February 2022 Plaintiff had worked five years for E*TRADE Financial Services as a customer service representative with Fidelity Investments.

5.   Plaintiff works in the investment industry which is regulated at the Federal and State levels.  Plaintiff is a FINRA Registered Representative and has acquired security licensures Series 7 and Series 63 and is licensed to work in the investment industry in all 50 states and Puerto Rico.

6.   Federal and State investment security rules require Register Representatives, like Plaintiff, to have good credit to work in the investment industry.

7.   Registered Representatives like Plaintiff, *as long as they work in the investment industry*, must *self-report* to every potential employer or current

4

employer any financial judgements against them for hiring/firing determinations by the employer.

8.  Registered Representative's financial Judgments must be reported to the Federal and State Security Regulators. The Federal and State Security Regulators will *individually* determine if the Registered Representative will be permitted to continue to work in the investment industry or must be terminated from employment (emphasis added).

9.  "On Plaintiff's recorded Line Defendant told Plaintiff mail all legal documents to Discover Bank, P.O. Box 30416 Salt Lake City, UT 84130" (Case 1:20-cv-05146-MLB, Doc 6, Affidavit, Page 17 of 19, Number 4, Exhibit H).

10. Following Defendant's instructions to Plaintiff "On December 10, 2010, Defendant and Court were legally serviced through USPS tracked mail a copy of Plaintiffs Complaint and Certificate of Service (1:20-cv-05146-MLB Doc 1) (1:20-cv-05146-MLB, …..Exhibit G)" (Case 1:20-cv-05146-MLB, Doc 6 Page 17 of 19, Number 3, Exhibit H).

11. In case 1:20-cv-05146-MLB Defendant chose to lie to the Federal Court about the Defendant not providing Plaintiff the "Discover Bank, P.O. Box 30416 Salt Lake City, UT 84130" mailing address instead Defendant proclaimed

plaintiff did not properly serve Defendant at Defendant's legal address but refused to provide any affidavit stating the mailing address Plaintiff was told to use was incorrect or an *alternate mailing address* to "Discover Bank, P.O. Box 30416 Salt Lake City, UT 84130" (Case 1:20-cv-05146-MLB, Doc 7, Doc 16) (Case 1:20-cv-05146-MLB, Doc 6, Affidavit, Page 17 of 19, Number 4, Exhibit H) (Emphasis added).

12. Defendant chose not to mail or email its Doc 7 "Motion to Dismiss" to Plaintiff in order to receive another default Order 9 (1:20-cv-05146-MLB, Doc 7) (1:20-cv-05146-MLB, Doc 11 Exhibit J, Page 15-16 of 17, Numbers 4-19).

13. "On February 4, 2021, Plaintiff filed a Motion for Clerk's Entry of Default. (Dkt. 6.) The Court denies that motion. On March 8, 2021, Defendant moved to dismiss for insufficient service. (Dkt. 7.) Plaintiff did not respond. The Court grants Defendant's motion" (Case 1:20-cv-05146-MLB, Order Doc 9, Page 1 of 9). The Court **DISMISSES** Plaintiff's complaint and **DIRECTS** the Clerk to close this case…[3] The Court recognizes that Rule 4(m) provides for extensions of time to perfect service if "the plaintiff shows good cause for the failure" to timelyserve the defendant. Fed. R. Civ. P. 4(m). Plaintiff has not responded— let alone shown good cause." (Case 1:20-cv-05146-MLB, Order Doc 9, Page 9 of 9) (Emphasis added).

14. Plaintiff explained to District and Appellate Courts that Plaintiff was not electronically nor via mail notified of Defendants Motion to Dismiss so Plaintiff did not know Defendant responded to Plaintiff's complaint (1:20-cv-05146-MLB, Doc 7) (1:20-cv-05146-MLB, Doc 11 Exhibit J, Page 15-16 of 17, Numbers 4-19) (Emphasis added).

15. Defendant continually did not mail, or email filed documents to the Plaintiff in 1:20-cv-05146-MLB, Doc 18, Exhibit K, Plaintiff Affidavit, Page 2 of 3 of 13, Numbers 4-7) (1:20-cv-05146-MLB, Doc 18, Page 9 and 10 of 13, Exhibit E).

16. As current Federal Court Procedure dictate, *Federal District Court in 1:20-cv-05146-MLB never sent Plaintiff* any summons to send to Defendants, nor had the same Eleventh District Court required a summons served in other cases Plaintiff had previously worked on.

17.    On Appeal, the ***Appellate Court declared for Public consumption*** "Albert argues that Discover Bank waived service of process but we disagree." "Albert never sent the bank a notice and request for a waiver of service…, nor did the bank agree to wave the formal service" (Emphasis added). "We review findings of fact for error and the application of law to those facts" (Appeal Order No. 21-12011 published on 04/21/2022).

18.     Though the Case was closed by the District Court in Document 9 prior to

Plaintiff knowing the Defendant filed any Notice of Appearance of filed Document

7 and without an affidavit as required by 11th District's Local Federal Rules of

Civil Procedures stated Defendants were not served correctly Appellate Court

justices *publicly proclaimed* "Albert never attempted to perfect service of process".

19.     After the Appellate Court's unjust derogatory Order was published to the

public, the Defendant *located*, then *contacted Plaintiff's current employer* to

further interfere with Plaintiff employer to, *against FINRA rules*, meaninglessly

remove the fake debit from the FINRA's Brokercheck on Plaintiff (Appellate

Court Order 21-12011) (EMPHASIS ADDED).

20.     Defendant's egregious incompetence in contacting Plaintiff's current

employer, because the Federal District and Appellate Court refused to remove the

fake debts which Defendant bestowed to Plaintiff. No matter what Defendant did

with Plaintiff's current employer, Registered Representatives like Plaintiff will

continue to be required *to self-report to every potential employer or current*

*employer any financial judgements against them for hiring/firing determinations*

*by the employer* and to report Federal and State Security Regulators for individual

determinations (Emphasis added).

21.    As of 05/21/2023, Microsoft EDGE Searching Plaintiff's name any

employer, co-worker, potential employer, friend, girlfriend, can see the 11th Circuit

Justices' unjust derogatory Order (Appellate Court Order 21-12011). The Public

consumption of this unjust derogatory Order was caused solely by the Defendant's

intentional lie to Plaintiff about the delivery address for 1:20-cv-05146-MLB

Initial Filing Document 1, later Defendant lied crying to the District Court they

never provided Plaintiff the mailing address used for 1:20-cv-05146-MLB. Thus,

Defendants caused new additional public Fraud, harassment, intimidation, public

embarrassment because now for being a victim of Discovers knowing fraudulent

credit card judgements (Exhibit 1, Affidavit 2023).

## VI.    Defendant has been apparently intentionally *bestowing* fake credit card debt to unknowing individuals thus drafting them into Customer Contractual Relationships for an Economic Tax Benefits for Defendant

1.    Discover would have received an IRS tax write off for losses stemming from

a Discover credit card holders' defaulting on holder's credit card payments.

Defendant knew the fake credit card debt was not Plaintiffs and would have written

off any such loss to the IRS *before Defendant* filed the case in Gwinnett County, so

they had no additional fake claim to further action against Plaintiff (1:20-cv-

05146-MLB Document 1-2, Page 1-4 Exhibit C). Defendant had on April 14,

2014, instituted a Civil Claim (Case Number 14M11990) before the Magistrate

9

Court of Gwinnett County, Georgia ("Defendant's Complaint"). Annexed hereto as Exhibit 1 is a true and correct copy of Defendant's Statement of Claim and Complaint dated April 14, 2014. (1:20-cv-05146-MLB Document 1-2, Page 1-4 Exhibit C) is a true and correct copy of the Defendant's filing with Gwinnett County Court.

2.      During Plaintiff's investigation into Defendant's fraudulent bestowing of fake credit card debt to unknowing Plaintiff, Plaintiff discovered an Experian Credit report and found in addition to several fake names under Plaintiff's social security number a ***NEW discovered in 2020 Discover Credit Card issued by Defendant account 6011XXXXXXXX*** *that had a balance of $1787.00 which was last paid on 1/15/2019.  Plaintiff had NO such Discover Credit Card or debt to Defendant Discover* (Emphasis added). Exhibit B is a true and correct copy of Experian Credit Report (1:20-cv-05146-MLB Document 1, Page 35-38, Exhibit B) (1:20-cv-05146-MLB Document 1-3, Affidavit, Number 1, 13*)*.

3.      Again, Defendant knew this 2nd fake credit card debt was not Plaintiffs and Defendant would have to have been the fraudster to the Federal Government if Discover took a tax write off with the IRS of the 2nd fake credit card debt Discover assigned to Plaintiff. To this date the defendant has not ever provided any purchases on this 2019 fake debt to Plaintiff.

**4.** Plaintiff therefore believes that the impugned Credit Cards were fraudulently registered and maintained by Defendant for the Defendant's benefit of a tax write off.

## VI. CAUSES OF ACTION

### Count 1

### The Fair Debt Collection Practices Act 15 USC §1692 (FDCPA)

Plaintiff repeats and re-alleges the allegations set forth in Paragraphs above and incorporates same herein by reference.

Plaintiff never had the ***two Discover Credit Cards*** described in this Complaint. Defendant never:

1. §805 Communication in connection with debt collection. This Discover credit card debts were not Plaintiff's and Defendant never mailed Plaintiff a credit cards, statements, a Gwinnett County Court Summons, or gave proof that the debt was Plaintiff once Plaintiff was informed of the fake credit card debt by Plaintiff's employer.

2. §807 False or misleading representations to the Gwinnett County Courts to get a default judgment by not serving Plaintiff, lying to Gwinnett County Courts claiming Plaintiff owed Discover debt in this complaint, by lying to Plaintiff about the Defendant's requested mailing address for Case 1:20-cv-05146-MLB, lying to the District (Case 1:20-cv-05146-MLB) and

11

Appellate Court (Case 21-12011) that Defendant had not given Plaintiff the mailing address to serve Defendant Plaintiff used in Case 1:20-cv-05146-MLB Doc 1.

3.      §808 Unfair Practices of collecting Debt that was not Plaintiff's. Defendant never mailed Plaintiff/Customer a credit cards, statements, a Gwinnett County Court Summons, lying to Gwinnett County Courts claiming Plaintiff owed Discover debt in this complaint, or gave proof that the debt was Plaintiff once Plaintiff was informed of the fake credit card debt by Plaintiff's employer.

4.      §809 Validated the Debt. To this Date Defendant has REFUSED to Validate *both* Discover credit card debts described in this complaint to Plaintiff.

5.      §811 Legal actions by debt collectors. Defendant never served Gwinnett County Court Summons to Plaintiff in order to garner a default judgement. Defendant lied to Gwinnett County Courts claiming Plaintiff owed Discover debt in this complaint. Defendant knowing the credit card debt was not Plaintiff's debt still informed Plaintiff's employer of the fake credit card debt thus extorting wrongful payment from Plaintiff on the fake credit card debt so Plaintiff could keep his job. Defendant intentionally gave

12

the wrong mailing address to Plaintiff to send Initial Claim Doc 1 in Case 1:20-

cv-05146-MLB Doc 1, Defendant then cried to the Courts that Defendant was

not served properly.

***Parham v. Seattle Serv. Bureau, Inc.*, 656 F. App'x 474, 476 (11th Cir. 2016)**

***See Borges v. Bank of Am., NA*, No. 1:11-cv-3363, 2012 WL 4328374, at \*6 (N.D. Ga. May 1, 2012) (finding that meritless FDCPA claims still pose "substantial" federal questions supporting removal),** *report adopted by order*, **2012 WL 4328340 (N.D. Ga. Sept. 19, 2012).**

## Count 2

## Fraud § 51-6-2

Plaintiff repeats and re-alleges the allegations set forth in Paragraphs above and

incorporates same herein by reference. "The tort of fraud [including fraudulent

inducement] has five elements: a false representation by a defendant, scienter,

intention to induce the plaintiff to act or refrain from acting, justifiable reliance

by plaintiff, and damage to plaintiff." (Citation and punctuation omitted.) Sims

v. Bayside Capital, Inc., 327 Ga.App. 47, 51(2), 755 S.E.2d 520 (2014).

1.    "a false representation by a defendant" Defendant, having been told

on Defendant's and Plaintiff's recorded line that Plaintiff was trying to serve

a lawsuit against Defendant, Defendant gave Plaintiff the incorrect P.O. Box

mailing address to mail Plaintiff's Initial Complaint Document 1 (Case

1:20-cv-05146-MLB, Doc 6, Affidavit, Page 17 of 19, Number 4, Exhibit H)

In giving the P.O. Box mailing address, Defendant waved service and Plaintiff's Initial Complaint Document 1 (1:20-cv-05146-MLB) was served properly in 1:20-cv-05146-MLB as Defendant requested.

Later, Defendant in Doc 7 cried Plaintiff had not served as *Defendant instructed* for Plaintiff's Initial Complaint Document 1 (1:20-cv-05146-MLB) thus crying Plaintiff did not legally sever Defendant.

2.     "scienter" Defendant knows the credit card debt was never Plaintiff's. Defendant intentionally gives out through its call centers incorrect mailing address to anyone calling for the legal address to serve Defendant so the Defendant can use the similar defense as 1:20-cv-05146-MLB Doc 7 to receive an unjust win in Court (1:20-cv-05146-MLB Doc 9) (Appellate Court Order 21-12011) (Case 1:20-cv-05146-MLB, Doc 6, Affidavit, Page 17 of 19, Number 4, Exhibit H).

3.     "intention to induce the plaintiff to act or refrain from acting" Defendant on Defendant's recorded phone line gave Plaintiff the intentionally incorrect P.O. Box mailing address to mail Plaintiff's Initial Complaint Document 1 (1:20-cv-05146-MLB) thus causing an incorrect

14

service for Plaintiff's Initial Complaint Document 1 (1:20-cv-05146-MLB).

Defendant in 1:20-cv-05146-MLB never disclosed to Plaintiff or submit to

the Court an affidavit stating the P.O. Box given to Plaintiff was incorrect in

Doc 7 to receive an unjust win in Court (1:20-cv-05146-MLB Doc 9)

(Appellate Court Order 21-12011) (Case 1:20-cv-05146-MLB, Doc 6,

Affidavit, Page 17 of 19, Number 4, Exhibit H).

4.     "justifiable reliance by plaintiff" Defendant in Doc 7 would *NOT*

provide to the Court an affidavit stating the P.O. Box given to Plaintiff was

incorrect nor tell the Court what the correct mailing address for Defendant

is. Plaintiff received the P.O. Box mailing address on Defendant's recorded

phone line thus no reasonably minded individual would believe Defendant,

as a Corporation, would have a procedure to intentionally lie to callers who

are asking for the mailing address for serving just lawsuits against Defendant

(1:20-cv-05146-MLB) (Case 1:20-cv-05146-MLB, Doc 6, Affidavit, Page

17 of 19, Number 4, Exhibit H).

5.     "and damage to plaintiff" Plaintiff's case was dismissed due to lack of

service (1:20-cv-05146-MLB) for using Defendant's mailing address as

Defendant instructed, the justices agreeing that the address Plaintiff was

given by Defendant was not sufficient service (1:20-cv-05146-MLB Doc 9)

(Appellate Court Order 21-12011) (Case 1:20-cv-05146-MLB, Doc 6,

Affidavit, Page 17 of 19, Number 4, Exhibit H). Plaintiff received an

unjust *public humiliation and a threat to Plaintiff's current and future job(s)*

with the derogatory Appellate Court Order 21-12011 proclaiming Plaintiff a

liar (Exhibit 1, Affidavit 2023) (EMPHASIS ADDED). Plaintiff suffered

financial losses as he paid the amount of $8,362.87 to Defendant and the

Federal Court threw out Plaintiff's just case after additional Court, time, and

legal expenses of over $75,000. 1:20-cv-05146-MLB was dismissed due

solely to Plaintiff following Defendants instructions for service of Plaintiff's

Initial Complaint Document 1 (Case 1:20-cv-05146-MLB, Doc 6,

Affidavit, Page 17 of 19, Number 4, Exhibit H) (Exhibit 1, Affidavit

2023). Due to Defendant, Plaintiff ***TO THIS DAY and into the FUTURE***

Plaintiff will be forced to disclose the Defendant's fake credit card

judgement to FINRA, all 50 states, and Puerto Rico's investment regulators,

and prospective employers (Exhibit 1, Affidavit 2023) (Emphasis added)

Defendant then contacting Plaintiff's new employer regarding a FINRA

adjustment thus alerting the new employer of 1:20-cv-05146-MLB Doc 9

and Appellate Court Order 21-12011.

## Count 3

### § 9-3-96 - Tolling of Limitations for Fraud of Defendant

Plaintiff's just case against Defendant was dismissed due to Defendant crying lack of service (1:20-cv-05146-MLB) *only because* Plaintiff used Defendant's incorrect mailing address which Defendant intentionally instructed Plaintiff to use (1:20-cv-05146-MLB Doc 9) (Appellate Court Order 21-12011) (Case 1:20-cv-05146-MLB, Doc 6, Affidavit, Page 17 of 19, Number 4, Exhibit H).

Thus, all Claims in 1:20-cv-05146-MLB can be brought forward in this new case Document 1:

1. Fraud
2. Breach of Fiduciary Duty
3. Negligence
4. Breach of Contract and Covenant of Good Faith and Fair Dealing
5. Breach of Confidentiality
6. Claim for Indemnification
7. Tortuous Interference with Business Expectancy
8. Punitive Damages

## Count 4
## 2022 Tortuous Interference with Business Expectancy

5.  Plaintiff repeats and re-alleges the allegations set forth in Paragraphs above and
    incorporates same herein by reference.

6.  Elements to Tortuous Interference.

    1.  A person or business not a party to the contract interfered with that
        contract by wrongful or unlawful conduct;
    2.  The defendant acted willfully or knowingly;
    3.  The defendant's intention was to interfere with the contract; and
    4.  The plaintiff suffered financial losses because of the defendant's
        conduct.

    A. "A person or business not a party to the contract interfered with that contract
       by wrongful or unlawful conduct" Defendant, again, contacted an employer
       of Plaintiff's. Plaintiff's new employer after 1:20-cv-05146-MLB Doc 9 and
       Appellate Court Order 21-12011 was located then contacted by Defendant to
       meaninglessly remove the fake credit card debt from Plaintiff's FINRA *public*
       sight on *BROKERCHECK*, thus Defendants ***continued to interfere*** with
       Plaintiff's employers and FINRA bringing attention to unjust derogatory
       Orders 1:20-cv-05146-MLB Doc 9 and Appellate Court Order 21-12011:

       1.  Potentially jeopardized Plaintiff's short and long term employment
           status with current employer (Exhibit 1, Affidavit 2023) (Emphasis
           added).

2. Plaintiff's current employer just knowing of the Appellate Court Order 21-12011 could lead anyone from work to look online through an internet or PACER search and see how the Appellate Court Order 21-12011 publicly and wrongfully called Plaintiff a liar.

3. Defendant's interference with Plaintiff's current employer did nothing positive for Plaintiff. Plaintiff is *still* forced to disclose the fake credit card debt to potential or future employers, then Plaintiff would still be required to again submit the same fake credit card debt in *new disclosures* to FINRA and each State Securities Regulators for independent approval (Exhibit 1, Affidavit 2023) (Emphasis added).

4. Plaintiff's current employer took over 3 months to get each States' approval for Plaintiff to have the active Register Representatives licensures. The delay in approval was *only due to Defendant's fake credit card debt and judgement* against Plaintiff. Plaintiff's current employer had enough work where Plaintiff did not have to do the job Plaintiff was hired to do, however, in the future it is unfair to force Plaintiff to hope a future employer would pay Plaintiff for three months not being able to do his job until all the States and FINRA have accepted the Register Representatives' fake debt history caused by Defendant (Exhibit 1, Affidavit 2023).

19

B. "The defendant acted willfully or knowingly" Defendant wrongfully won its unjust derogatory District Orders 1:20-cv-05146-MLB Doc 9 and Appellate Court Order 21-12011, however, neither Orders said Defendant was to contact Plaintiff's current employer. Defendant had *no legitimate business reason to locate Plaintiff's new employer nor contact FINRA*.

C. "The defendant's intention was to interfere with the contract"

1. Defendant knew from 1:20-cv-05146-MLB Doc 1 that Plaintiff as a licensed securities broker was required to report Defendant's fake fraud while still working in the securities industry. Defendant contacting Plaintiff's current employer only presenting a "red employment flag" with the unjust derogatory Orders against Plaintiff by the District and Appellate Court's Orders (1:20-cv-05146-MLB Doc 9) (Appellate Court Order 21-12011) to Plaintiff's employer and *did not resolve Plaintiff's future reporting requirements*.

2. Microsoft EDGE search under my names as of 05/21/2023 provides as the first link the 11th Circuit's unjust derogatory Order 21-12011, where the Appellate Court stated Plaintiff/Appellant lied, based solely off Defendant's lies are at the top of the Microsoft EDGE search under my names as of 03/25/2023. This is searchable by my current employer,

20

prospective employers, family, friends, and the general public (Exhibit

1, Affidavit 2023) (Emphasis added).

D. "The plaintiff suffered financial losses because of the defendant's conduct"

Because of FINRA and the States delay in approving Plaintiff's Registered

Representative status, Plaintiff was not able to start Plaintiff's job specific

training on time. This costly delay has stunned Plaintiff in being able to be in

his employer's routine pay increases or position longevity and experience so

Plaintiff could apply of other positions.

1. At this time, we don't know as of this time if Plaintiff's current firm is

    not going to take more negative action yet on Plaintiff but Defendant

    most likely contacted the Legal Department of Plaintiff's Employer so

    Plaintiff must be protected after the Statue of Limitations due to

    Defendant contacting Plaintiff's employer with the unjust derogatory

    Orders against Plaintiff being brought to the employer's attention.

## Count 5

## Breach of Fiduciary Duty

Plaintiff repeats and re-alleges the allegations set forth in Paragraphs above

and incorporates same herein by reference.

21

Elements for Breach of Duty: (1) a fiduciary relationship is established; (2) a **breach** of that **duty** is shown; and (3) that **breach** of **duty** is the proximate cause of the plaintiff's damage/harm.

1. At all times material hereto, Defendant stated it had a Bank/Client contractual relationship with Plaintiff and therefore owed Plaintiff fiduciary duties of care loyalty, candor and independence. Fiduciary relationships such as the one between Plaintiff and Defendant are founded on trust or confidence reposed by one individual in the integrity and fidelity of another.

2. Defendant breached that Fiduciary duty when it in case 1:20-cv-05146-MLB Defendant chose to lie to Plaintiff instructing Plaintiff to mail Initial Complaint Doc 1 of 1:20-cv-05146-MLB to "Discover Bank, P.O. Box 30416 Salt Lake City, UT 84130". Later the Defendant lied to the Court by proclaiming Plaintiff did not properly serve Defendant at Defendant's legal address but DEFENDANT DID NOT PROVIDE any affidavit stating the mailing address Plaintiff was told to use was incorrect or an *alternate mailing address* to "Discover Bank, P.O. Box 30416 Salt Lake City, UT 84130" (Case 1:20-cv-05146-MLB, Doc 1, Doc 7, Doc 16) (Case 1:20-cv-05146-MLB, Doc 6, Affidavit, Page 17 of 19, Number 4, Exhibit H) (Emphasis added).

*3.* Due to Defendant's Breach of Duty Plaintiff just case was denied causing over $75,000 in lost Court billable time, and legal expenses in addition losing the resolution to claims in 1:20-cv-05146-MLB.

## Count 6
### Breach of Fiduciary Duty on New Card

Elements for Breach of Duty: (1) a fiduciary relationship is established; (2) a **breach** of that **duty** is shown; and (3) that **breach** of **duty** is the proximate cause of the plaintiff's damage/harm.

1. At all times material hereto, Defendant stated it had a Bank/Client contractual relationship with Plaintiff and therefore owed Plaintiff fiduciary duties of care loyalty, candor and independence. Fiduciary relationships such as the one between Plaintiff and Defendant are founded on trust or confidence reposed by one individual in the integrity and fidelity of another.

2. Continuing to Act in blatant disregard and breach of its fiduciary obligations to Plaintiff, the *newly discovered in 2020 a Discover Card referenced in the 2019 Experian credit report Exhibit B* of the impugned Credit Card without proper authorization by Plaintiff (1:20-cv-05146-MLB Document 1, Page 35-38, Exhibit B) (1:20-cv-05146-MLB Document 1-3, Affidavit, Page 3-6, Number 13) **so Defendant could wrongfully profit from bestowing fake**

23

**credit card debt on Plaintiff thus Defendant gains a tax write off for unpaid debt**.

3.  As a direct result of Defendant's said breach of fiduciary obligations, Plaintiff suffered financial losses with lower credit scores causing higher car insurance payments, inability to establish new credit cards or car loans, Plaintiff incurred a loss due to Court, billable time, and legal expenses of over $75,000.

## Count 7
### Negligence

**Negligence** involves: first, the existence of a duty; second, the omission to exercise ordinary and reasonable **care** in connection therewith; and, third, injury resulting in consequence thereof. Patillo v. Thompson, 106 Ga. App. 808, 128 S.E.2d 656 (1962).

Plaintiff repeats and re-alleges the allegations set forth in Paragraphs above and incorporates same herein by reference.

As a Bank, Defendant stated it had a Bank/Client contractual relationship with Plaintiff thus owed Plaintiff a duty of care as Plaintiff was at all times material hereto a customer of Defendant.

Defendant breached its duty of care towards Plaintiff by registering a fake Credit Card without Plaintiff's authorization. The newly discovered in 2020 Discover Card referenced in the 2019 Experian credit report Exhibit B would mean

any or all of the following and the mere fact that Plaintiff was not aware of the existence of the impugned Credit Card used in case 14M11990 and:

1. That Defendant either leaked Plaintiff's personal information to third parties who were then able to procure a fake credit card impersonating Plaintiff; or

2. that Defendant's Agents utilized Plaintiff's personal information to procure a fake credit card in the name of Plaintiff in order to receive tax write offs for Defendant; or

3. Defendant did not take proper care or have proper measures in place to protect Plaintiff from unauthorized registration of Credit or other cards by fraudsters.

Defendant's conduct fell below the reasonable standard of care expected of a Bank such as Defendant.

By reason of the foregoing breach of fiduciary duties, Plaintiff sustained financial and other injury aforesaid.

Defendant could wrongfully profited from bestowing fake credit card debt on Plaintiff thus Defendant gains a tax write off for unpaid debt.

It is because of Defendant's negligent actions/omissions that Plaintiff incurred financial loss of over $75,000 and lowered credit rating causing higher car insurance.

## Count 8

### Breach of Contract and Covenant of Good Faith and Fair Dealing

Plaintiff repeats and re-alleges the allegations set forth in Paragraphs above and incorporates same herein by reference.

At all material times, Defendant stated it had a Bank/Client contractual relationship with Plaintiff, under which Defendant was duty bound to act in good faith and deal fairly with Plaintiff. Uniform Commercial Code Section 1-304 provides for good faith and imposes doctrine of good faith in every contract.

Defendant breached that duty when it in case 1:20-cv-05146-MLB (Doc 7) Defendant chose to lie to the Federal Court about the Defendant not providing Plaintiff the "Discover Bank, P.O. Box 30416 Salt Lake City, UT 84130" mailing address instead Defendant proclaimed plaintiff did not properly serve Defendant at Defendant's legal address but DEFENDANT DID NOT PROVIDE any affidavit stating the mailing address Plaintiff was told to use was incorrect or an *alternate mailing address* to "Discover Bank, P.O. Box 30416 Salt Lake City, UT 84130" (Case 1:20-cv-05146-MLB, Doc 7, Doc 16) (Case 1:20-cv-05146-MLB, Doc 6, Affidavit, Page 17 of 19, Number 4, Exhibit H) (Emphasis added).

As a result of Defendant's said breach of contractual obligations/covenants, Plaintiff suffered loss, prompting the instant Complaint. Plaintiff avers that Defendant has been unjustly enriched at the expense of Plaintiff as it successfully

claimed from Plaintiff the amount of $8,362.87, suffered over $2000.00 unjust loss in Court and legal fees and $75,000 in billable hours on case 1:20-cv-05146-MLB and Appellate Court No 21-12011. In order for Plaintiff to keep his employment, Plaintiff painfully settled this amount despite the fact that Plaintiff did not owe the amount at all. As such, Defendant has profited from its negligence and illegalities at the expense of Plaintiff, an innocent customer.

Defendant bestowing fake credit card debt on Plaintiff continues to this day and forward to be the actual and proximate cause of harm to Plaintiff and *the garnishment Order continues to this day* affect Plaintiff having to continually report the fake debt to FINRA and the 50 states Securities Regulators and Puerto Rico.

## Count 9
### Breach of confidentiality

Plaintiff repeats and re-alleges the allegations set forth in Paragraphs above and incorporates same herein by reference.

Prior, Defendant *also*, breached that duty when it repeatedly failed to protect Plaintiff from fraudulent, unavoidable claims arising out of fake credit card that was registered under Defendant's watch used in case 14M11990 and the newly discovered in 2020 Discover Card referenced in the 2019 Experian credit report Exhibit B (1:20-cv-05146-MLB Document 1,  Page 35-38, Exhibit B) (1:20-cv-05146-MLB Document 1-3, Affidavit, Page 3-6, Number 13). Defendant further breached this duty when it failed to investigate the impugned credit card and instead

27

resorted to suing Plaintiff, obtaining Court orders without informing Plaintiff and ultimately obtaining garnishee orders (1:20-cv-05146-MLB Document 1-3, Affidavit, Number 6). Even after Plaintiff asserted the debt was not Plaintiff's the Defendant refused to investigate the legitimate assertion. Plaintiff asserts that Defendant's conduct was malicious and aimed at depriving Plaintiff his hard-earned income and to embarrass him.

Defendant wrongfully profited from bestowing fake credit card debt on Plaintiff thus *Defendant gains a tax write off for unpaid fake debt*.

The registration fake credit was presumably carried out under Plaintiff's personal details including, without limitation, Plaintiff's date of birth, social security numbers, phone numbers, addresses, bank account details, credit card numbers and fax numbers, among others. These details were, at all times material hereto, in the possession of Defendant.

That the impugned Credit Card could be registered without Plaintiff's knowledge only means that Defendant failed to protect Plaintiff's confidential information thereby exposing Plaintiff to loss.

## Count 10
## Claim for Indemnification

1. Plaintiff repeats and re-alleges the allegations set forth in Paragraphs above and incorporates same herein by reference.

28

2. Plaintiff suffered loss as a result of Defendant's wrongful actions and/or omissions. Accordingly, indemnity as Plaintiff was not at fault and should not have been liable to pay the amount of $8,362.87 to Defendant.

7. Plaintiff suffered over $2000.00 in Court and legal fees and $75,000 in billable hours on case 1:20-cv-05146-MLB.

8. Plaintiff claims for indemnification of the amount incurred wrongly.

## Count 11

*Humiliation From Unjustifiable Derogatory Order 21-12011*

Plaintiff repeats and re-alleges the allegations set forth in Paragraphs above and incorporates same herein by reference.

Microsoft EDGE search under my names as of 05/21/2023 give the link to 11th Circuit's unjust derogatory Order 21-12011, where the derogatory Appellate Court stated Plaintiff/Appellant lied, based solely off Defendant's lies are at the top of the Microsoft EDGE search under my name as of 03/25/2023. This is unfairly searchable by my current employer, prospective employers, family, friends and the general public (Emphasis added) (Exhibit 1, Affidavit 2023).

On Appeal, the derogatory *Appellate Court declared for Public consumption* "Albert argues that Discover Bank waived service of process but we disagree." "Albert never sent the bank a notice and request for a waiver of service…, nor did

the bank agree to wave the formal service" (Emphasis added). "We review findings

of fact for error and the application of law to thos facts" (Appellate Court Order

21-12011) (EMPHASIS ADDED).

Plaintiff's *current employer* and *FINRA* have been contacted due to case

1:20-cv-05146-MLB to meaninglessly remove the fake credit card debt only from

Plaintiff's FINRA public BROKERCHECK, thus Defendants ***continued to***

***interfere*** with Plaintiff's employers and FINRA:

1. Potentially jeopardized Plaintiff's short and long term employment

   status due to employer's knowledge of District and Appellate Court

   unjust derogatory Orders (1:20-cv-05146-MLB Doc 9) (Appellate

   Court Order 21-12011) (Exhibit 1, Affidavit 2023).

2. Plaintiff is ***still*** forced to disclose the fake credit card debt to potential

   or future employers, then *new disclosures* to FINRA and State

   Securities Regulators (Exhibit 1, Affidavit 2023).

3. Like with the State of Illinois, each state can take several months to

   permit Register Representatives to have an active licensure, meaning

   Plaintiff would need to be wishful that a new employer would agree to

   pay the Plaintiff for not being able to do his/her job for approximately

three months until all the States and FINRA have accepted the

Register Representatives' debt history.

## Count 12
## Punitive Damages

Plaintiff repeats and re-alleges the allegations set forth in Paragraphs above and incorporates same herein by reference.

Defendants continued to this day, impugned conduct was willful, wanton, oppressive, and demonstrated that entire want of care which raises the presumption of a conscious indifference to consequences. For this reason, Plaintiff avers that Defendant is liable to Plaintiff for punitive damages to punish, penalize, and deter Defendant from similar conduct in the future.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE,** Plaintiff prays for the following relief:

a. That Plaintiff be granted judgment against Defendant on Count I-VI above for special damages in the amount of $8,362.87 paid to Defendant;

b. Evacuate all current damage future damage the Defendants fake debt claims made to Plaintiff's former employer, current employer, FINRA and each State Insurance Commissioner in the Union and Puerto Rico damages in terms of the amount that shall be decided at trial.

c.  That Plaintiff be awarded tort damages, breach of contract damages, punitive damages and exemplary damages in terms of the amount that shall be decided at trial;

d.  Ordering Defendants to pay non-pecuniary damages resulting from the unlawful employment practices that caused emotional pain, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

e.  Seal of 1:20-cv-05146-MLB and at cost of Defendant and removal of all reference from internet of 1:20-cv-05146-MLB and its appellate order 21-12011.

f.  Refer this case to IRS for tax fraud from Defendant creating fake debt claims, from creating new contractual relationships with unknowing customers, for the purposes of creating fake tax write offs for Defendant.

g.  Interest and costs; and

h.  Legal fees, Plaintiff's time, and Court costs;

i.  That Plaintiff be granted a trial by jury;

j.  Any other relief that this Court deems necessary and proper.

## 9. JURY TRIAL DEMAND

1.  Plaintiff demands a jury trial on all claims and issues so triable.

Respectfully submitted, this 24 day of May 2023.

Bradley J. Albert

316 E. Line St.
Calhoun, GA 30701
762-204-8588
albert.bradley@att.net
Plaintiff

PM
DALTON, GA
30720
MAY 24, 23
AMOUNT

RDC 04          30303          **$9.65**
R2309Y155334-09



# UNITED STATES POSTAL SERVICE ®

# PRIORITY® MAIL

**PRESS FIRMLY TO SEAL**          **PRESS FIRMLY TO SEAL**

- Expected delivery date specified for domestic use.
- Domestic shipments include $100 of insurance (restrictions apply).*
- USPS Tracking® service included for domestic and many international destinations.
- Limited international insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at http://pe.usps.com.
** See International Mail Manual at http://pe.usps.com for availability and limitations of coverage.

# FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

CLEAR/WEB DATE

MAY 26 2023
U.S. Marshals Service
Atlanta, GA 30303

## TRACKED ▪ INSURED



EXPECTED DELIVERY DAY: 05/26/23

USPS TRACKING® #

9505 5140 3376 3144 7227 42

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP

## PRIORITY ★ MAIL ★

UNITED STATES POSTAL SERVICE ®

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

**FROM:**

Balbert
316 E Line Street
Calhoun Ga 30701

## TO:

US District Court Georsia
75 Ted Turner Drive SW # B40
Atlanta Ga 30303

Label 228, March 2016          FOR DOMESTIC AND INTERNATIONAL USE